## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>Leslie Beyer Shocknesse,<br><br>    Debtor. | Case No. 10-18717-RGM<br><br>Chapter 7 |
| Leslie Beyer Shocknesse,<br><br>    Plaintiff,<br><br>v.<br><br>Chase Student Loan, et. Al.<br><br>    Defendants. | ADV. NO. 11-01021-RGM |

## MRU HOLDINGS, INC., PROPERLY KNOWN AS MRU STUDENT LOAN TRUST 2007-A AND EDUCATION EMPOWERMENT FUND SPV'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY

COMES NOW Defendant, MRU Holdings, Inc., properly known as MRU Student Loan Trust 2007-A ("MRU") and Education Empowerment Fund SPV ("EEF"), by and through counsel, Daniel Ross, and in Answer to the Complaint to Determine Dischargeability("Complaint") filed by Plaintiff, Leslie Beyer Shocknesse ("Plaintiff") states as follows:

1. The allegations contained in paragraph 1 of the Complaint are admitted.

2. The allegations contained in paragraph 2 of the Complaint are admitted.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. Upon information and belief, the allegations contained in paragraph 6 of the Complaint are admitted.

7. The allegations contained in paragraph 7 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

8. The allegations contained in paragraph 8 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

9. The allegations contained in paragraph 9 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

10. The allegations contained in paragraph 10 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

11. The allegations contained in paragraph 11 of the Complaint are admitted to the extent that Plaintiff obtained multiple educational loans originated with MRU Holdings, Inc. which are currently owned by EEF and MRU. The remaining allegations contained therein are denied. Plaintiff is indebted to MRU in the amount of $79,016.18 on loans serviced by American Education Services. Plaintiff is indebted to EEF in the amount of $44,609.44 on loans serviced by University Accounting Service.

12. The allegations contained in paragraph 12 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

13. The allegations contained in paragraph 13 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

14. The allegations contained in paragraph 14 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

15. The allegations contained in paragraph 15 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

16. The allegations contained in paragraph 16 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

17. The allegations contained in paragraph 17 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

18. The allegations contained in paragraph 18 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

19. The allegations contained in paragraph 19 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

20. The allegations contained in paragraph 20 of the Complaint do not relate to Plaintiff's claims against MRU and EEF, and therefore MRU and EEF are unable to respond to the allegations.

21. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore they are denied.

22. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore they are denied.

23. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore they are denied.

24. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore they are denied.

25. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and therefore they are denied.

26. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore they are denied.

27. MRU and EEF are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore they are denied.

28. The allegations contained in paragraph 28 of the Complaint are conclusions of law and therefore no answer is required although MRU and EEF deny the same.

29. The allegations contained in paragraph 29 of the Complaint are conclusions of law and therefore no answer is required although MRU and EEF deny the same.

## AFFIRMATIVE DEFENSES

30. Plaintiff has failed to state a claim upon which relief can be granted.

31. Plaintiff's claim is barred by estoppel.

32. Plaintiff's claim is barred by the doctrine of unclean hands.

33. Defendants reserve the right to add additional affirmative defenses should Defendants discover additional facts relating to Plaintiff's claims.

## COUNTERCLAIMS

34. The loans Plaintiff is attempting to discharge were obtained for educational purposes.

35. To the extent Plaintiff has alleged the loans are dischargeable as they were not used for educational expenses. Defendants claim that Plaintiff is liable under 11 U.S.C. § 523 (a)(2) as they would have been obtained under false pretenses, false representations and/or actual fraud.

36. As a result of Plaintiff's conduct Defendant MRU has suffered damages in the amount of $79,016.18.

37. As a result of Plaintiff's conduct Defendant EEF has suffered damages in the amount of $44,609.44.

WHEREFORE, Defendants prays for relief as follows:

A. Dismiss Plaintiff's Complaint with prejudice.

B. Declare the indebtedness to MRU Trust and EEF as non-dischargeable pursuant to 11 U.S.C. § 523(a)(8).

C. Declare the indebtedness to MRU Trust and EEF as non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

D. Costs, Attorney's Fees and other relief as the Court may deem just and proper.

                         Repectfully Submitted,

                         /s/ Daniel Ross
                         Daniel Ross, Esq. VA Bar #79727
                         Weinstein & Riley, P.S.
                         2001 Western Ave, Ste 400
                         Seattle, WA 98121
                         (206) 239-2645 telephone
                         (206) 269-3493 facsimile
                         danielr@w-legal.com
                         Attorneys for MRU Student Loan

Trust 2007-A and Education Empowerment Fund SPV

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am more than 18 years of age and not a party to the matter concerning which service was accomplished. I further certify that on the 9th day of February, 2011, I served by first class United States mail, postage prepaid, a true and correct copy of MRU Holdings, Inc., Properly Known as MRU Student Loan Trust 2007-A and Education Empowerment Fund SPV's Answer to Complaint to Determine Dischargeability upon the following persons:

> Joseph Michael Langone, Esq
> 11876 Sunrise Valley Dr. Suite 201
> Reston, VA 20191

> Repectfully Submitted,
>
> /s/ Daniel Ross
> Daniel Ross, Esq. VA Bar #79727
> Weinstein & Riley, P.S.
> 2001 Western Ave, Ste 400
> Seattle, WA 98121
> (206) 239-2645 telephone
> (206) 269-3493 facsimile
> danielr@w-legal.com
> Attorneys for MRU Student Loan

Trust 2007-A and Education Empowerment Fund SPV